AYRES,' Judge.
In this action ex delicto plaintiff Adams sought to recover damages to his Pontiac automobile arising out of a collision between his vehicle and a Ford automobile of defendant, Clarence E. Heflin.
The accident occurred soon after noon on Sunday, October 27, 1957, at the inter *324 section of Fairfield Avenue and College Street in the City of Shreveport. Fairfield, a main thoroughfare, runs generally north and south and traffic thereon has priority by city ordinance over traffic on the intersecting street. Although intersecting Fair-field at approximately right angles, College Street makes an offset, that is, the south curb line of College Street west of Fair-field is approximately in line with the north curb line of said street east of Fairfield. Mrs. Adams, plaintiff’s wife, was driving his automobile.
Made defendants are Clarence E. Heflin and Mrs. Josephine V. Heflin, who at the time of the accident were husband and wife but whose marriage had been dissolved by divorce prior to trial. Mrs. Heflin was driving the family automobile and was on a community mission or errand to obtain groceries for family use at the time of the accident.
Mrs. Adams was proceeding north on Fairfield; Mrs. Heflin, accompanied by her two teen-age daughters, was driving east on College approaching Fairfield Avenue from the west. Mrs. Adams’ speed was obviously in excess of 35 miles per hour, the legal speed limit. Mrs. Heflin, as she approached Fairfield, stopped her vehicle in response to a stop sign and then drove into Fairfield, first turning to the right and then to the left, to continue her eastward course on College Street. The collision occurred on the east side or in Mrs. Adams’ northbound traffic lane of Fairfield Avenue. The point of impact was the right front of the Heflin car and the left front of the Adams Pontiac. Prior to the impact the Pontiac skidded 59 feet, 3 inches and came to rest on its right-hand side of Fairfield, partly on the north curb of College Street. On coming to a stop the vehicles remained in contact.
Negligence charged to Mrs. Heflin consists of her alleged failure to keep a proper lookout or to yield the superior right of way on Fairfield Avenue to Mrs. Adams or to stop before striking plaintiff’s automobile. Negligence constituting a proximate cause or, in the alternative, a contributing cause of the accident is charged to Mrs. Adams in failing to keep a proper lookout and in failing to accord Mrs. Heflin the right of way at the intersection, which she had allegedly pre-empted, and in driving at an excessive rate of speed. No appearance was made by defendant, Clarence E. Heflin, nor was a default entered or confirmed against him. After trial on the merits plaintiff’s demands were rejected and he has appealed.
Defendant, Mrs. Heflin, before answering, urged an exception of no cause and of no right of action, which was referred to the merits. The issues presented by the exception were reiterated and reurged in her answer and are now reurged on the appeal. This exception is predicated (1) upon the proposition that the Kansas City Fire & Marine Insurance Company, plaintiff’s collision insurer, had been both legally and conventionally subrogated and assigned whatever claim for damages plaintiff had arising out of the aforesaid accident, and (2) that whatever liability was incurred by Mrs. Heflin constituted an obligation of the community then existing between her and her husband for which he, as the head and master, was solely responsible, particularly as the community had since been dissolved and the benefits of which she had formally renounced.
We find it unnecessary to discuss either of the points advanced by this exception. By the subsequent appearance of the insurer in intervening and joining plaintiff, the first contention raised in defendant’s exception ceases to have any effect, and having reached the conclusion on the merits that plaintiff is precluded from recovery because of Mrs. Adams’ contributory negligence, there is likewise obviously no necessity for a discussion of the second contention presented.
On the merits, the evidence is convincing of Mrs. Heflin’s negligence. She entered into the favored street notwith *325 standing the near approach of plaintiff’s vehicle. She testified she did not see the car until almost the moment of the impact. However, Officer Tom McMillan of the Police Department, who investigated the accident, testified Mrs. Heflin, in answer to his inquiry at the scene of the accident, stated that she thought she could get across the street before the Pontiac reached the intersection. From her own statements it could only be concluded Mrs. Heflin was not maintaining a proper lookout.
Was Mrs. Adams guilty of contributory negligence? We think so. Although on a right of way street a half a block away, she observed the Heflin car entering Fairfield Avenue from the west on College Street. Notwithstanding Mrs. Heflin’s prior entry into the intersection, when Mrs. Adams was obviously a sufficient distance away to permit Mrs. Heflin to normally cross Fairfield Avenue in safety, Mrs. Adams continued forward without reducing her speed until Mrs. Heflin was entering upon the east lane of Fairfield Avenue. At that moment Mrs. Adams was, according to the recognized tables of stopping distances (14 Tulane Law Review 493, 503), not less than 100 feet away. Her inability to stop within that distance, after skidding her car 59 feet, 3 inches to and over the north curb of College Street, is convincing proof of her excessive speed. That Mrs. Adams was not alert to the situation created by Mrs. Heflin’s prior entry into the intersection is likewise established by the evidence. A casual observation would have revealed Mrs. Heflin’s maneuver in crossing the intersection. There was no basis for Mrs. Adams’ assumption that Mrs. Heflin would turn south and continue on Fairfield Avenue. There was not the slightest indication in Mrs. Heflin’s action to indicate such a maneuver. The evidence, in our opinion, clearly establishes the contributory negligence of Mrs. Adams in traveling at an excessive speed, in her failure to maintain a proper lookout and in not according Mrs. Heflin the opportunity of completing the intersection. For these reasons, we find no manifest error in the judgment appealed.
The judgment is, accordingly, affirmed at appellant’s cost.
Affirmed.